SIMON & DIAMOND COAL AND LUMBER COMPANY, IN-
CORPORATED, A CORPORATION, AND MEYER LOB-
SENZ, RESPONDENTS, v. EMIL O. BELZ AND LOUISE
BELZ, APPELLANTS; IDA MILLER AND ISAAC MIL-
LER, RESPONDENTS.

Submitted February 14, 1930—Decided October 20, 1930.

For the appellants, *Ernest P. Biro*.

For the respondents Ida Miller and Isaac Miller, *David
Lesnik*.

PER CURIAM.

This was an appeal from an order of the Supreme Court
striking out the answer and counter-claim of Ida Miller and
Isaac Miller, defendants-respondents. The grounds of appeal
are (1) the Supreme Court erroneously struck out the
counter-claim, and (2) the Supreme Court found in favor of
the Millers, third parties, instead of appellants.

No opinion was filed in the court below. The motion in
that court was to strike out the counter-claim filed by the
defendants, Belz and wife, against the plaintiffs and the Mil-
lers, on the following grounds: (1) That the same was *res
adjudicata* for the following reasons: (a) that the matters
in the four counts of the counter-claim are the same matters
set forth in a certain counter-claim filed by the defendants in
a suit in the Court of Chancery for the foreclosure of a mort-
gage, wherein the plaintiffs were complainants and the de-
fendants, Belz and wife, were defendants; (b) that the
counter-claim filed by the defendants in the chancery suit was
adjudicated by an order made and entered therein; and (2)
that the defendants are barred from maintaining the counter-
claim for the reason that by filing the same in chancery they

have elected to have the entire transaction between Ida Miller and themselves, defendants, rescinded in equity and made their election and cannot maintain the suit for damages; (3) that defendants have confirmed the entire transaction, including the exchange of property between Ida Miller and themselves, mentioned in the counter-claim; and (4) that the counter-claim and all the allegations contained therein are untrue in fact and that the same are frivolous and sham.

In the foreclosure suit mentioned, the defendants Emil O. Belz and wife filed an answer and counter-claim bringing in Ida Miller, a third party; and the Court of Chancery on notice and on hearing, decreed that the counter-claim, or cross-bill, filed by the defendants Belz and wife against the complainants therein and herein, should be dismissed, with costs, upon the ground that the defendants were not entitled to equitable relief or the rescission or cancllation of the mortgage which they sought in the counter-claim, by reason of their laches, and that they had confirmed and ratified the transaction in which the mortgage being foreclosed was part of the consideration for the conveyance made by Ida Miller.

Mr. Justice Parker, who heard the motion, made the order striking out, and recited in that order the ground for making it; and which order is as follows:

"The defendants in the counter-claim, Ida Miller and Isaac D. Miller, having moved to strike out the counter-claim filed by the defendants in the above-entitled cause on the ground that the same is *res adjudicata* and that the defendants have elected their remedy against the said Ida Miller and Isaac D. Miller in equity, and that the said counter-claim is frivolous and sham; and it appearing to the court that said counter-claim filed in this cause sets forth the same allegations as is set forth in a counter-claim filed by the same defendants in the Court of Chancery of the State of New Jersey in an action in which the parties to this suit were the parties and the issues were the same, and that said counter-claim was stricken out and adjudicated by an order made by the Chancellor of the State of New Jersey and entered on October 9th, 1928, and that the filing of the counter-claim by the above

defendants in the said action in the Court of Chancery constitutes an election of remedies by the said defendants to have their claim against the said Ida Miller and Isaac Miller adjudicated in a court of equity and not in a court of law; and it further appearing that said defendants have confirmed the transaction mentioned in both of said actions and that said counter-claim is frivolous and sham.

"It is on this 28th day of September, 1929, ordered, that the counter-claim filed in the above-entitled cause against the third parties, Ida Miller and Isaac D. Miller, be and the same is stricken out and for nothing holden, with costs against the said defendants, Emil O. Belz and Louise Belz, his wife."

Counsel for Belz and wife, defendants-appellants, makes the point here that at common law a pleading may be either frivolous or sham; it cannot be possessed of both legal infirmities at the same time. This is obviously so. See *National Surety Co.* v. *Mulligan,* 105 *N. J. L.* 336. But they can take nothing by that in this court. The question is not controlling, and the point need not be passed upon in this case as it is unnecessary to the determination of the cause before us.

Now, as the counter-claim clearly infringed the rule of *res adjudicata,* and as the defendants Belz and wife confirmed the entire transaction and elected to have it rescinded in equity and made their election of that tribunal, they, therefore, could not maintain the suit for damages in the Supreme Court.

Let the judgment be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, CAMPBELL, LLOYD, CASE, BODINE, DALY, DONGES, VAN BUSKIRK, MCGLENNON, KAYS, HETFIELD, DEAR, WELLS, JJ. 15.

*For reversal*—None.